IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WARREN WILLIAMS,

                Plaintiff,                  OPINION AND ORDER

    v.

                                                19-cv-1052-wmc

BERNDT, TABIOS, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, JOHN DOE #5, and
MALINDA,

                Defendants.

*Pro se* plaintiff Warren Williams, who is incarcerated at the Dane County Jail, is proceeding against jail personnel on claims of excessive force, failure to intervene and deliberate indifference arising out of a cell shakedown and cuffing incident on October 24, 2019. Before the court are Williams's motions (1) to amend his complaint (dkt. 47); (2) for a third-party subpoena (dkt. 48); and (3) to depose some of the defendants (dkt. 49). I will deny these motions.

**I. Motion to Amend**

On October 9, 2020, Williams filed a motion for leave to amend his complaint "in advance" of submitting a proposed amended complaint, indicating that he wanted to "amend" some paragraphs and "make a few changes" such as clarifying his status at the time of the alleged event. (Dkt. 47.) On October 21, 2020, Williams filed an amended complaint that identified his Doe defendants, which he did not need prior permission to do. To the extent that Williams would still like to make other changes to the complaint, the preliminary pretrial conference order explains that he must send a copy of his proposed

amended complaint incorporating those changes *with* a motion for leave to amend. (Dkt. 43 at 4-5.) That is because the court cannot grant Williams permission to amend his complaint in any other way before reviewing all the specific changes Williams wants to make. I will therefore deny the motion without prejudice, meaning that Williams can renew it if he files another proposed amended complaint.

## II. Motion for a Third-Party Subpoena

Williams has also filed a motion for the issuance of a third-party subpoena, addressed to Dane County Sheriff David J. Mahoney, to produce "documents pertaining to [the] complaint" including grievances, an incident report by defendant Berndt, and video footage of the alleged cell shakedown and cuffing incident. (Dkt. 48 at 1.) I will deny this motion, at least for now, because there is no reason at this early stage to think that Williams needs to subpoena a third party to obtain these documents or access to the footage if it exists.[1] Prisoners ordinarily make this type of request directly to the defendants, and Williams notes that he has asked defendants for discovery, including requests for video footage as well as incident reports, grievances and other documents produced in relation to the alleged incident. (Dkt. 45-1, 45-2.) Defendants should respond to this motion as if it were another request for production of documents, and Williams may renew this request if, as discovery progresses, it becomes clear that a third-party subpoena is necessary to obtain any discoverable documents he still needs.

---

[1] Williams asks that all video footage produced be filed with the court because he cannot keep copies in his cell. (Dkt. 48.) But defendants need to provide Williams with the opportunity to *view* any existing, relevant footage upon appropriate request. They are not going to provide him with his own copies of the recordings.

### III. Motion to Depose Defendants

Finally, Williams seeks leave to depose defendants Berndt, Tabios, Malinda and John Doe #1. (Dkt. 49.) Under Federal Rule of Civil Procedure 30(b)(3), depositions must be recorded and the party requesting the deposition must pay for the recording and transcripts. The court does not have funds to pay for prisoners to take depositions. Since Williams has not indicated that he is willing to pay to record the depositions he requests, I will deny his request. Williams may renew this request if he is willing to pay the costs associated with taking these defendants' depositions and provides a prisoner trust fund account statement verifying that he had funds available for that purpose.

### ORDER

IT IS ORDERED that plaintiff Warren Williams' motion to amend (dkt. 47), motion for a third-party subpoena (dkt. 48), and his motion to depose (dkt. 49) are DENIED without prejudice.

Entered this 29th day of October, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge